## SUPREME COURT.

### CROFTS agt. ROCKEFELLER AND TWO OTHERS.

Where several defendants defend successfully by different attorneys, *who are partners,* but one bill of costs can be allowed.

It is otherwise where the attorneys are not partners (5 *How. Pr. R.* 336; 6 *Hill,* 267).

*July Special Term,* 1851. This was an action brought to recover possession of real property in the county of Columbia. Dewitt Miller, Esq. appeared and answered for Rockefeller, and

Henry Miller, Esq. for the two other defendants.   Dewitt Miller, Esq. and Henry Miller, Esq. were copartners in the practice of the law.   On trial at the circuit a verdict and judgment were given for the defendants.   Two separate bills of costs were claimed by defendants' attorneys.  The bill of Dewitt Miller, for defendant Rockefeller, was taxed at $97·75, and subsequently paid.   The bill of Henry Miller, was afterwards allowed on adjustment by the clerk, at $24.  All the items in the last bill were for services of attorney and counsel.   The plaintiff appealed from the taxation of the last bill.   The question presented on taxation and on appeal was, whether, the attorneys being partners, the fendants were entitled to separate bills of costs.

> R. McCLELLAN, *for Plaintiff*.
>
> K. MILLER, *for Defendant*.

PARKER, Justice.—Under the late practice, it was well settled that where the attorneys who appeared for different defendants, were partners, they could tax on recovery against the opposite party, but one bill of costs.   With reference to costs, a firm consisting of two or more attorneys, was regarded as one attorney. It is claimed by the defendants' counsel that the rule ought to be otherwise now, in as much as costs are declared to belong to the party (*Code*, § 303).  But costs always belonged to the successful party, and not to his attorney; though the bill of costs recovered may not be now, as it was formerly, the measure of compensation between the party and his attorney.

In Tracy vs. Stone (5 *How. Pr. R.* 104), it was decided that where two defendants defend by the same attorney and answer separately, and verdict and judgment are given in their favor, but one bill of costs could be allowed. There is no difference between defending by the same attorney and defending by different attorneys who are partners.   In Collomb vs. Caldwell (5 *How. Pr. R.* 336), relied on by the defendants' counsel, the defendants defended separately, and separate bills of costs were allowed.  I have no doubt that was a case where the attorneys defending were not partners, though nothing is said as to that fact by the

reporter. It will not be denied but separate bills of costs may be recovered where separate attorneys, not connected in business, are employed. Such was the late practice (Ten Broeck vs. Paige, 6 *Hill*, 267).

There is nothing in the Code that requires a change of the practice as laid down in the case last cited. Nor is there any reason why successful defendants should recover, where they employ two attorneys in partnership, more costs than where they employ a single attorney to defend. The services rendered are the same in both cases, and no increased compensation in the former case is called for by way of " indemnity."

The motion must be granted without costs of motion to either party.